IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:13-CV-439-TMH |
| | ) [WO] |
| DENNIS MEEKS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Plaintiff, an inmate incarcerated at the Covington County Jail in Andalusia, Alabama, alleges that Defendants are denying him adequate medical care, that he has been denied access to the courts, and that he is being denied adequate nutrition. Plaintiff seeks his transfer to the custody of the Alabama Department of Corrections so that he may receive appropriate medical care and requests that Defendants be taxed with the costs of this suit. Named as defendants are Covington County Commissioners Godwin, Northey, Barton, Elmore, and Truman, Sheriff Dennis Meeks, Captain Preston Hughes, Dr. McWatters, and Nurse Diane Williams.

Upon review of the complaint, the court concludes that Plaintiff's access to courts claim and his claims against the Covington County Commissioners should be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i-iii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the

**I. DISCUSSION**

*A. County Commissioners*

Plaintiff names the Covington County Commissioners as defendants alleging that they failed to provide adequate funding for the Covington County Jail in regard to the jail's provision of medical care and services. County commissioners cannot be held liable for actions undertaken during the daily operation of a county jail. *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998). Moreover, county commissioners are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the maintenance of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998) ("The budgetary decisions made by defendants for funding the county--including the jail--are legislative acts protected by legislative immunity."). Thus, Plaintiff's claims against the Covington County Commissioners are subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

*B. Access to Courts*

Plaintiff brings an access to courts claim against Defendants alleging that the Covington County Jail does not have a law library which prevents him from assisting his attorney in research of a legal action and that the facility's collect-only telephone system

---

payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

prevents him from discussing his legal issues with his attorney. This claim entitles Plaintiff to no relief.

In order to state an access-to-courts claim, a prisoner must show that "an actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Lewis v. Casey,* 518 U.S. 343, 356 (1996) (citing *Bounds v. Smith,* 430 U.S. 817, 828 (1977)). The Supreme Court explained in *Bounds* that "[t]he fundamental right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate legal assistance from persons trained in the law." *Id.* 430 U.S. at 838 (emphasis supplied). However, the prisoner's contentions of deprivation of access to the courts must show actual prejudice or harm as a "constitutional prerequisite." *Lewis,* 518 U.S. at 351; *see also Chandler v. Baird,* 926 F.2d 1057, 1063 (11th Cir. 1991) ( "both policy and the prevailing state of the law require an inmate to articulate facts indicating some prejudice such as being unable to do timely research on a legal problem or being procedurally or substantively disadvantaged in the prosecution of a cause of action"). Without a showing that the lack of access frustrated efforts to pursue a non-frivolous legal claim, an inmate has no standing to challenge the policy or practice in question. *Lewis,* 518 U.S. at 352-54; *Bass v. Singletary,* 143 F.3d 1442, 1444 (11th Cir. 1998). Further, the right of access to the courts does not extend to any and all legal claims, only to those in which an inmate can demonstrate actual injury from an inability to challenge specific non-frivolous legal claims relating to the

fact or condition of a prisoner's confinement. *Lewis,* 518 U.S. at 355; *see also Wilson v. Blankenship,* 163 F.3d 1284, 1290 (11th Cir. 1998).

While Plaintiff may desire to assist counsel in a pending legal action, the court finds that preparation for that matter is the responsibility of his attorney regardless of any additional legal work in which Plaintiff wishes to engage. Thus, Plaintiff's interest in taking a more active role in his pending legal proceedings, by either conducting his own research or conversing by phone with counsel, is, without more, insufficient to demonstrate a lack of access to the courts.

Here, Plaintiff's contentions involving a lack of a law library at the county jail and the collect-only telephone system assert no facts tending to reflect that he was so hindered in his efforts to pursue a non-frivolous legal claim to such a degree that he experienced adverse consequences or an <u>actual</u> injury from the alleged deprivation. *Lewis*, 518 U.S. at 349. Because Plaintiff's allegation against Defendants regarding a denial of access to the courts fails to articulate any "actual injury" accruing to him, this claim is due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Covington County Commissioners be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C.

§ 1915(e)(2)(B)(i) and (iii);

2. The Covington County Commissioners be DISMISSED as defendants to this cause of action; and

3. Plaintiff's access to courts claim against the named defendants be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii);

4. This case with respect to Plaintiff's remaining claims against the remaining defendants be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before **July 26, 2013** Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of July, 2013.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE